THOMPSON, J., Concurring and dissenting.
*929 I respectfully disagree with the majority's conclusion the trial court incorrectly applied the doctrine of collateral estoppel and prohibited the District from relitigating the prior determination that Bennett was an employee. However, I agree the trial court correctly denied the District's JNOV motion. Accordingly, I would affirm the judgment and the postjudgment order.
The trial court concluded all the elements of collateral estoppel were satisfied. I agree. There was a "final adjudication" of an "identical issue" (Bennett's employee status); that issue was "actually litigated and necessarily decided" in the prior action in favor of Bennett; and he "asserted" it in this action against the District, "a party" to the prior action. ( DKN Holdings LLC v. Faerber (2015) 61 Cal.4th 813, 825, 189 Cal.Rptr.3d 809, 352 P.3d 378.)
The majority reaches the opposite conclusion, reasoning the identical issue element was not satisfied, because the District had the burden of proving Bennett was not an employee in the prior action, and Bennett had the burden of proving he was an employee in this action. This is a distinction without a difference, based on the logical fallacy of equivocation-using the term "burden of proof" in more than one sense.
The term burden of proof can be used in the sense of identifying the quantum or standard of proof which is required, such as beyond a reasonable doubt. The term burden of proof can also be used in the sense of identifying which party bears the burden of going forward to prove the elements of a claim or defense. While the former sense of the term is relevant in the *38 collateral estoppel context, the latter sense is not.
Collateral estoppel would not apply if the quantum of proof required in the prior action was less than in the subsequent action. (See, e.g. The Grubb Co., Inc. v. Department of Real Estate (2011) 194 Cal.App.4th 1494, 124 Cal.Rptr.3d 894 [preponderance of the evidence vs. clear and convincing evidence].) But that was not the case here. The quantum of proof required in the prior and subsequent actions was the same. In both actions Bennet's employee status had to be proven or disproven according to the preponderance of the evidence standard. Thus, the issue was identical for collateral estoppel purposes.
Wimsatt v. Beverly Hills Weight etc. Internat., Inc. (1995) 32 Cal.App.4th 1511, 38 Cal.Rptr.2d 612 ( Wimsatt ) does not support the majority's contrary conclusion. There, the court held collateral estoppel did not apply because the issue litigated in the prior federal action, was not identical to the one presented in the subsequent state action. "The federal court's ruling was a matter of federal procedural law, in which there is indeed a heavy burden of *930 proof on the party opposing the enforcement of a forum selection provision. This action, by contrast, turns on state substantive law in which the burden is on franchisors to show that enforcement of a forum selection clause will not subvert substantive rights afforded California citizens. Different sovereignties, different rules, different burdens: no collateral estoppel." ( Id. at p. 1514, 38 Cal.Rptr.2d 612.) But here, both actions turn on the same substantive law and quantum of proof. Therefore, collateral estoppel applies.
Wimsatt also misapplied the holding of In re Nathaniel P. (1989) 211 Cal.App.3d 660, 259 Cal.Rptr. 555 ( Nathaniel P. ). In Nathaniel P. the prior action was a hearing in a dependency case which decided whether a father had abused his children. The subsequent action was a hearing in the dependency case which decided whether the father's parental rights should be terminated. The appellate court held the factual findings in the prior hearing should not be given collateral estoppel effect because they were made using a different standard of proof than the one required for the later hearing. ( Id. at pp. 670-672, 259 Cal.Rptr. 555.) Specifically, at the prior hearing the state only had to meet the preponderance of evidence standard, while at the subsequent hearing the state had to meet the clear and convincing evidence standard of proof. ( Id. at p. 672, 259 Cal.Rptr. 555.) Hence, the quantum of proof, not the party with the burden of going forward on the issues, was dispositive.
Wimsatt stated, "the difference in burdens [in Nathaniel P. ] was dispositive even though the same factual question was involved." ( Wimsatt , supra , 32 Cal.App.4th at p. 1524, 38 Cal.Rptr.2d 612.) "Likewise the difference in burdens is dispositive here. The earlier litigation ... imposed a heavy burden on the plaintiffs to show...." ( Ibid. ) However, the subsequent action required "that the burden be on the defendant to show...." ( Ibid. )
In this way Wimsatt's application of Nathaniel P. conflated the quantum of proof in the prior action with the burden of going forward in the subsequent action. The result was an unwarranted extension of the holding in Nathaniel P.
But even if Wimsatt was correctly decided, it is not binding on us ( People v. Dimacali (2019) 32 Cal.App.5th 822, 838, 244 Cal.Rptr.3d 268 ) and I would not follow it here. Wimsatt is an outlier. Following Wimsatt here improperly limits the application of collateral estoppel and does needless violence to the bedrock principles of this long-established doctrine.
*39 Finally, strong public policies support the trial court's application of collateral estoppel in this case. Collateral estoppel is designed " ' " ' "(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system;
*931 and (3) to provide repose by preventing a person from being harassed by vexatious litigation." ' " ' " ( Murphy v. Murphy (2008) 164 Cal.App.4th 376, 404, 78 Cal.Rptr.3d 784.) These policies were all vindicated by the trial court's ruling. Bennet's employee status was fully and fairly litigated in the prior action. Requiring Bennet to relitigate it in this action would have been repetitive. It would have demoted judicial economy, risked inconsistent judgments and undermined the integrity of the judicial system, and forced him to incur unnecessary litigation expenses.
The judgment and the postjudgment order should be affirmed.